UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVIDIEN LP, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BRADY ESCH, et al.,<br><br>    Defendants. | Case No.18-mc-80063-SVK<br><br>**OMNIBUS ORDER REGARDING THIRD PARTY DISCOVERY**<br><br>Re: Dkt. Nos. 1, 16, 18, 27, 30 |

On March 27, 2018, Covidien LP and Covidien Holding Inc. (together, "Covidien") filed this miscellaneous action to compel third party Venclose, Inc. ("Venclose") to produce documents in relation to an underlying breach of contract action pending in the District of Massachusetts, *Covidien LP, et al., v. Esch*, No. 16-12410-NMG (the "Massachusetts Action"). On April 11, 2018, Covidien moved to compel Gerald Gibson, the current CEO of Venclose, to reappear for his individual deposition and moved for fees and costs related to the motion. ECF 13, 14. On May 4, 2018, Venclose moved to quash a subpoena served on non-party Darius A. Przygoda. ECF 27. The Court rules as follows on the pending motions.

**FACTUAL BACKGROUND**

Covidien filed the underlying action in the United States District Court, District of Massachusetts in November 2016. The dispute arises out of alleged breaches of an employment agreement and a separation agreement between Plaintiff Covidien and Defendant Brady Esch ("Esch"). Esch worked for Covidien from 2009 until he was laid off in November 2013. In February 2014, Esch founded Venclose. Venclose and Covidien are competitors in the field of varicose vein treatment. ECF 7-2 at 9-10. Plaintiff alleges that Esch breached the afore-mentioned agreements by 1) disclosing Plaintiff's confidential information in certain patent applications and 2) assigning rights to certain patents to his new company, Venclose, rather than to

Covidien. On January 11, 2017, the District of Massachusetts entered a preliminary injunction order enjoining Esch or his agents, successors, representatives or assigns from making, developing, manufacturing or selling any product that discloses or uses any Covidien confidential information. ECF 7-1 at 158-159.

Discovery has progressed in the Massachusetts Action and Covidien has requested documents from Esch. Esch has responded to some requests by indicating that he is unable to produce certain information because it is in the possession of Venclose. Covidien has now served document and deposition subpoenas on Venclose (the "Venclose Subpoenas") to obtain that information. ECF 7-1 at 245 (Ex. V, the document subpoena); ECF 7-1 at 286 (Ex W, deposition subpoena). Venclose is not named in the Massachusetts action and is therefore a third party. Covidien states that Venclose is not an indispensable party to the Massachusetts action. ECF 8-4 at 3. With these facts in mind, the Court turns to the pending motions.

## MOTION TO COMPEL VENCLOSE TO PRODUCE DOCUMENTS

Preliminarily, the Court notes that 1) fact discovery closes in the Massachusetts Action on June 30, 2018 (ECF 13-12, Massachusetts Action scheduling order); and 2) this order, with production dates and requests for additional submissions, may impact currently scheduled depositions. *See, e.g.*, ECF 30 (Przygoda deposition scheduled for May 16, 2018). The parties are ordered to meet and confer to reschedule depositions that are impacted by this order and to complete all depositions June 30, 2018.[1] Should the close of fact discovery be continued in the Massachusetts Action, the parties may submit a joint stipulation to adjust the dates herein. *See Covidien LP, et al., v. Esch*, No. 16-12410-NMG, ECF 88 (Esch's Motion to Modify Scheduling Order).

### I. The Massachusetts Action Protective Order

Venclose's primary objection to the Venclose Subpoenas is that the information requested includes Venclose's proprietary, confidential, and trade secret information. ECF 8 at 19-22.

---

[1] Venclose's Ex Parte Application to Stay the Deposition of Non-Party Venclose Contractors Including Darius Przygoda (ECF 30) is mooted by this order. The Court reminds the parties that all future motions are to comply with this Court's order of May 9, 2018 (ECF 29).

2

Venclose argues that a protective order does not guarantee adequate protection. ECF 8 at 23. Venclose also argues that the protective order permits access to the produced documents not only by Covidien's outside counsel, "but also to 'counsel to whom it is necessary that the information be disclosed for the purposes of this litigation.'" ECF 27 at 19 (quoting the protective order). Covidien argues that the protective order in the Massachusetts Action adequately protects Venclose. ECF 7-2 at 17-18.

The Court agrees that the protective order in the Massachusetts Action provides adequate protection to Venclose such that its objections on this basis are overruled. First, Venclose was clearly considered when the parties in the underlying action negotiated the protective order, as it is mentioned throughout the order. *See*, *e.g.*, ECF 7-1 at 179 (prohibiting disclosure of highly confidential information to employees of Venclose); ECF 7-1 at 188 (requiring Venclose to produce a privilege log for withheld documents). Second, the same counsel represent Venclose in this proceeding and Defendant Esch in the Massachusetts Action, further supporting, as the protective order already demonstrates, that Venclose's interests were represented in negotiating the terms of that order. Finally, the Court has reviewed the order and finds that it provides not merely adequate but robust protection of highly confidential information. In particular, the Court notes that the protective order tracks closely with the Model Order Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets in this District which carries a presumption of reasonableness and has been battle tested through many competitor patent and trade secret litigations since its adoption.

The Court does not read the general reference to "counsel" to be the open door for Covidien to disclose Venclose's confidential information to Covidien's in-house counsel as Venclose argues. Venclose takes the term of the protective order out of context. Looking at the full paragraph with the lead in "Outside Attorneys," the protective order describes who may view material marked as "Highly Confidential – Attorneys' Eyes Only." Specifically, the order provides, "Outside Attorneys of record in this litigation, employees of such attorneys, <u>counsel to whom it is necessary that the information be disclosed</u> for purposes of this litigation, and vendors . . ." may view the material." ECF 7-1 at 179 ¶ 3.a (emphasis added). Considering the surrounding

text, the Court interprets this phrase to be only outside counsel, not a party's in-house counsel. Further bolstering this conclusion, the protective order also separately allows for one in-house Covidien attorney, Chad Hanson, to view material marked as "Highly Confidential – Attorneys' Eyes Only." *Id*. at ¶ 3.e.[2] Reading the "outside counsel" phrase as Venclose suggests would lead to contradictory terms in the protective order and frankly provide no protection at all, which was clearly not the parties' intention. Therefore, the Court is satisfied that the protective order does not allow for a blanket allowance of in-house counsel to view material marked "Highly Confidential – Attorneys' Eyes Only." As such, the protective order is sufficient to protect Venclose's proprietary, confidential, or trade secret material that it may produce in response to the subpoena.

## II. Remaining Requests

With the foregoing in mind, the Court sustains or overrules objections or narrows the requests as noted below and orders as follows on the requests in the subpoena:

**Request No. 1.** Objection sustained. It is the Court's understanding that the electronic devices that are the subject of this request are in the custody and control of Venclose, that they have been searched, and that responsive documents have been produced in response to previous discovery demands. Covidien's demands for mirror imaging of these devices are overbroad and not in proportion to the scope of this litigation as it relates to Venclose and the privacy interests of Defendant Esch.

**Request No. 2.** Venclose is to provide three (3) physical samples of any Venclose radiofrequency ablation device that Venclose offered for sale from the period 2013-December, 2016. To the extent Venclose has otherwise attempted to limit said production in its objections or briefing, those objections are overruled.

**Request No. 3.** Venclose is to produce executed agreements between it and Defendant Esch.

---

[2] To the extent Venclose's objection is based on the fact that a single Covidien in-house counsel has access to highly confidential information, its complaint is untimely and waived. Venclose shares counsel with Defendant Esch, and as noted above, its interests were expressly represented in negotiating the terms of the protective order.

| | |
|---|---|
| **Request No. 4.** | Venclose is to produce documents that refer to Covidien from the period 2013 through December 2016. |
| **Request No. 5.** | Venclose is to produce documents that refer to VNUS Medical from the period 2013 through December 2016. |
| **Request No. 6.** | Venclose is to produce documents that reflect or refer to the Employment Agreement. |
| **Request No. 7.** | Venclose is to produce documents that reflect or refer to the Separation Agreement. |
| **Request No. 8.** | Venclose is to produce documents that relate to Defendant Esch's employment, including his employment file and compensation records. |
| **Request No. 9.** | Venclose is to produce documents that reflect or refer to Defendant Esch's confidentiality obligations to Covidien. |
| **Request No. 10.** | Venclose is to produce documents that reflect or refer to Defendant Esch's assignment of inventions to Covidien. |
| **Request No. 11.** | Venclose is to produce documents that reflect or refer to communications with third parties regarding the subject litigation. |
| **Request No. 12.** | Venclose is to produce documents that reflect or refer to Defendant Esch's past, or future compensation. |
| **Request No. 13.** | Venclose is to produce documents that reflect or refer to Defendant Esch's past, present, or future interest in Venclose. |
| **Request No. 14.** | Venclose is to produce documents that reflect or refer to Defendant Esch's past, present, or future role with Venclose. |
| **Request No. 15.** | Objections sustained. |
| **Request No. 16.** | Objections sustained. |
| **Request No. 17.** | Objections sustained. |
| **Request No. 18.** | Objections sustained. |
| **Request No. 19.** | Objections sustained. |
| **Request No. 20.** | Objections sustained. |

**Request No. 21.** Objections sustained.

**Request No. 22.** Objections sustained.

**Request No. 23.** Objections overruled. The requested documents to be produced, except only as noted herein. If and only if the documents in Venclose's custody and control are the same documents previously produced by Defendant Esch, Venclose may refer to those documents in satisfaction of this request.

**Request No. 24.** Objections sustained. The request is unbounded by the allegations in the operative complaint or by the terms of the preliminary injunction and as such is overbroad and not within the proportional scope of the litigation as to Venclose.

**Request No. 25.** Objections sustained. The request is unbounded by the allegations in the operative complaint or by the terms of the preliminary injunction and as such is overbroad and not within the proportional scope of the litigation as to Venclose.

**Request No. 26.** Venclose is to produce the requested documents as there is an adequate protective order in place.

**Request No. 27.** Venclose is to produce the requested documents as there is an adequate protective order in place.

**Request No. 28.** Venclose is to produce the requested documents as there is an adequate protective order in place.

**Request No. 29.** Objections sustained. The request is unbounded by the allegations in the operative complaint or by the terms of the preliminary injunction and as such is overbroad and not within the proportional scope of the litigation as to Venclose.

**Request No. 30.** Objections sustained. The request is unbounded by the allegations in the operative complaint or by the terms of the preliminary injunction and as such is overbroad and not within the proportional scope of the litigation as to Venclose.

**Request No. 31.** Objections sustained. The request is unbounded by the allegations in the operative complaint or by the terms of the preliminary injunction and as such is overbroad and not within the proportional scope of the litigation as to Venclose.

**Request No. 32.** The Court requests additional information as to the subject Projects and

their potential relevance, or lack thereof, to the litigation as it relates to Venclose.

**Request No. 33.** Objections sustained. The request is unbounded by the allegations in the operative complaint or by the terms of the preliminary injunction and as such is overbroad and not within the proportional scope of the litigation as to Venclose.

**Request No. 34.** The Court requests additional information as to the potential relevance, or lack thereof, of the requested Venclose financial information to the litigation. The Court notes that Covidien has suggested that it relates to damages but has not explained how it does so in light of the posture of the litigation and the scope of the preliminary injunction order.

**Request No. 35.** The Court requests additional information as to the potential relevance, or lack thereof, of the requested Venclose financial information to the litigation. The Court notes that Covidien has suggested that it relates to damages but has not explained how it does so in light of the posture of the litigation and the scope of the preliminary injunction order.

**Request No. 36.** Objections sustained. The request is unbounded by the allegations in the operative complaint or by the terms of the preliminary injunction and as such is overbroad and not within the proportional scope of the litigation as to Venclose.

**Request No. 37.** Venclose is to produce documents that reflect or discuss Venclose's termination of Defendant Esch.

**Request No. 38.** Venclose is to produce documents that reflect or discuss Defendant Esch's leave of absence from Venclose.

**Request No. 39.** Venclose is to produce documents that reflect or discuss Defendant Esch's compliance with the preliminary injunction.

**Request No. 40.** Venclose is to produce the subject insurance agreement.

**Request No. 41.** Objection sustained.

**Request No. 42.** Venclose is to produce documents that reflect or refer to the formation of Venclose.

**Request No. 43.** Objection sustained. The request is overbroad and vague and as such is

1     beyond the proportional scope of the litigation as to Venclose.

**Request No. 44.**     Objection sustained. The request is overbroad and vague and as such is beyond the proportional scope of the litigation as to Venclose.

**Request No. 45.**     Objection sustained. The request is overbroad and vague and as such is beyond the proportional scope of the litigation as to Venclose.

### III.     Dates for Production and Requests for Additional Information

Consistent with the above rulings, Venclose is to produce all documents within 15 days of this order. To the extent Venclose is withholding any documents for privilege, Venclose is to produce a privilege log within 15 days of this order.

In response to Request Nos. 32, 34, and 35, the Court has requested additional information. The parties are to submit a joint statement not to exceed 10 pages reflecting each party's position by May 17, 2018.

Should the fact discovery cutoff be continued in the Massachusetts Action, the parties may file a joint stipulation to continue these dates.

### MOTION TO COMPEL GIBSON TO REAPPEAR FOR HIS INDIVIDUAL DEPOSITION

Covidien moves to compel Gibson to reappear for his individual deposition. ECF 13-20. Gibson is the current CEO of Venclose and, according to Covidien, acted as a mentor to Esch in the formation of Venclose. ECF 13-20 at 5-6. Covidien argues that more time with Gibson is necessary because of Gibson's unfounded refusal to answer over 80 questions. *See* ECF 13-20 at 5. Venclose agrees to produce Gibson for further deposition. ECF 24 at 5. The Court orders as follows:

- Gibson will reappear for an additional four hours of deposition in his individual capacity. He will appear for the full time of his 30(b)(6) deposition.
- Both depositions are to be completed by May 30, 2018, or dates of Covidien's choosing, whichever is later. As stated above, should the fact discovery cutoff be continued in the Massachusetts Action, the parties may file a joint stipulation to continue these dates.

8

- The Court finds that the protective order in the Massachusetts action adequately protects Venclose's interests. *See supra* Motion To Compel Venclose To Produce Documents § I.
- Gibson is to answer all questions. His attorney may properly object only for purposes of preserving the record. The attorney shall not make speaking objections; he or she is only to identify the basis of the objection (e.g. "Relevance"). Fed. R. Civ. P. 30(c)(2).
- Pursuant to Fed. R. Civ. P. 30(c)(2), an attorney may instruct a deponent not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." **Only upon such an instruction may Gibson refuse to answer.** Given the above explanation of the protective order, refusing to answer on the grounds that the answer will disclose trade secret information is not an acceptable basis not to answer a question.
- Further inappropriate deposition conduct by this witness or counsel will be considered to be in bad faith and will result in sanctions by this Court.

Covidien's motion for fees is denied, without prejudice to renewal after the depositions are completed.

## MOTION TO QUASH PRZYGODA SUBPOENA

Venclose moves to quash the subpoena served on Darius Przygoda, a named inventor on the '338 and PCT patents. ECF 27. Venclose engaged Przygoda's company, Medical Device Solutions, to assist in development of technologies to create a saleable product. ECF 27 at 20. Venclose argues that the subpoenas are duplicative of requests already served on Esch and Venclose, and that the requests are overbroad, vague and ambiguous, and request proprietary, confidential or trade secret information. Having reviewed the arguments submitted by the parties, the Court rules as follows on each request:

1. Objections overruled.
2. Objections overruled.
3. Objections overruled.

9

1. **4.** Objections sustained. The request is overbroad as it is not limited by time or product.
2. **5.** Objections overruled.
3. **6.** Objections sustained. The request is not related to the underlying causes of action in the litigation.
4. **7.** Objections overruled.
5. **8.** Objections overruled.
6. **9.** Objections overruled in light of the protective order.
7. **10.** Objections overruled in light of the protective order.

Consistent with the above rulings, Przygoda is to produce all documents by May 25, 2018. The deposition is to be completed by May 31, 2018. Should the fact discovery cutoff be continued in the Massachusetts Action, the parties may file a joint stipulation to continue these dates.[3]

//
//
//
//
//
//
//
//
//
//
//
//
//

---

[3] To the extent the Motion to Quash Subpoenas to Przygoda is representative of disputes regarding similarly situated third parties, the Court expects the parties to use this order to guide their further meet and confer efforts before bringing any additional disputes to the Court's attention. The parties are reminded that all further disputes are to be submitted in accordance with this Court's order of May 9, 2018 (ECF 29).

10

**ORDER SUMMARY**

- **Covidien's Motion to Compel Venclose to Respond to Subpoenas**: Consistent with the above instructions, Venclose is to produce any outstanding documents and privilege log **within 15 days of this order**. The parties are to submit an additional joint letter not to exceed 10 pages addressing the Court's inquiries in response to Request Nos. 32, 34, and 35 by **May 17, 2018.**

- **Covidien's Motion to Compel Gibson to Reappear**: Gibson is to reappear for four hours for his individual deposition. Consistent with the above instructions, the only basis on which Gibson may refuse to answer is an instruction from his attorney on privilege grounds. Gibson is to appear for the full time for his 30(b)(6) deposition. Both depositions are to be completed by May 30, 2018, or dates of Covidien's choosing, whichever is later. As stated above, should the fact discovery cutoff be continued in the Massachusetts Action, the parties may file a joint stipulation to continue these dates.

- **Covidien's Motion for Fees**: Covidien's Motion for Fees is denied, without prejudice to renewal after the depositions are completed.

- **Venclose's Motion to Quash Przygoda Subpoena**: Przygoda is ordered to respond to the document subpoena by May 25, 2018, and the deposition subpoena by May 31, 2018, consistent with the above rulings.

**SO ORDERED.**

Dated: May 14, 2018

SUSAN VAN KEULEN
United States Magistrate Judge