UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVIDIEN LP, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BRADY ESCH, et al.,<br><br>    Defendants. | Case No.18-mc-80063-SVK<br><br>**FURTHER ORDER REGARDING COVIDIEN'S MOTION TO COMPEL**<br><br>Re: Dkt. No. 34 |

On March 27, 2018, Covidien LP and Covidien Holding Inc. (together, "Covidien") filed this miscellaneous action to compel third party Venclose, Inc. ("Venclose") to produce documents in relation to an underlying breach of contract action pending in the District of Massachusetts, *Covidien LP, et al., v. Esch*, No. 16-12410-NMG (the "Massachusetts Action"). On May 14, 2018, this Court issued a decision requesting, *inter alia*, the parties to submit additional information regarding Requests Nos. 32, 34, and 35. ECF 33. On May 17, 2018, the parties submitted the additional information in a joint letter. ECF 34. The Court is familiar with the parties and case background having ruled on several motions. The Court further rules as follows.

**Request No. 32:**

Objections overruled. Venclose is to search for and produce all documents concerning Project Cattleya or Project Merge, or confirm that none exist, by **May 29, 2018**.

**Request Nos. 34 and 35:**

Objections sustained without prejudice. Covidien argues that the financial information of non-party Venclose is relevant because Defendant Esch "maintains a significant interest in Venclose's financial success," and that Covidien needs Venclose's financial information to argue that Esch's "ill-gotten gains from Venclose directly flow from his breach of contract with

Covidien." ECF 34 at 4. However, Covidien has sued Esch in the District of Massachusetts, not Venclose, and Covidien has been insistent that Venclose is not a necessary party to the Massachusetts Action. ECF 8-4 at 3. In the joint supplementation, Covidien does not dispute that the only party from which Covidien is entitled to recover damages is Esch, not Venclose. Nor does Covidien deny that Venclose is a competitor and the targeted financial information is highly sensitive commercial information. In sum, Covidien has not demonstrated that it will not be able to obtain and calculate damages that it may be entitled to from Esch without the highly sensitive financial information from Venclose, a competitor of Covidien. Fed. R. Civ. P. 45(d)(3)(B).

Therefore, the Court sustains Venclose's objections to Request Nos. 34 and 35, without prejudice to Covidien renewing its request in a court of competent jurisdiction should Defendant Esch use, rely on, or refer to the Venclose financial information sought in Request Nos. 34 and 35 in defending against Coviden's claims or damages.

**SO ORDERED.**

Dated: May 21, 2018

_____
SUSAN VAN KEULEN
United States Magistrate Judge